IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00480-RPM-KLM

TOP RANK, INC.,

       Plaintiff,

v.

BARRY FEY, and
EVERY DOG HAS ITS DAY, INC., a Colorado corporation,

       Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Enter Judgment Upon Default by the Clerk** [Docket No. 23; Filed December 29, 2008] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO. LCivR. 72.1.C., the Motion has been referred to this Court for recommendation.  The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED**.

## I. Background

Plaintiff Top Rank, Inc. ("Top Rank") is a Nevada Corporation with its principal address in Las Vegas, Nevada.  *Complaint* [# 1] at ¶ 1.  Defendant Barry Fey resides in Denver, Colorado. *Id.* at ¶ 2. Defendant Every Dog Has Its Day, Inc. ("Every Dog") is a dissolved Colorado corporation  with a last known address in Denver, Colorado.  *Id.* at ¶ 3.

On August 20, 2004, Top Rank entered into a Secured Promissory Note ("the Note") with the Defendants. *Id.,* Attachment.  Under the terms of the Note, Defendants were required to pay Top Rank  a sum of $100,000 by September 1, 2006.  *Id.*  The Note provides that any failure to make payment when due is considered a default.  *Id.*  Any failure to cure a default within ten  days of being notified of such default in writing is deemed a material breach.  *Id.*  The Note also states  that Plaintiff is entitled to minimum interest of eighteen percent per annum on any sum not paid when due, accruing from the date when the Note is due.  *Id.*

Defendants have not made any payment on the Note.  *Id.* at ¶ 14.  Defendants were notified in writing of the default. *Motion* [#21], Ex. A.  On March 7, 2008, Plaintiff filed the present breach of contract action against Defendants. *Complaint* [#1].  On May 30, 2008, the Court entered judgment against Defendant Fey individually in the amount of $131,646.70.  *Order* [#13].[1]  Plaintiff's Motion for Entry of Default by Clerk was granted by the Clerk of the Court on August 5, 2008. *Entry of Default* [#22].

## II. Analysis

Default may enter against a party who fails to appear or otherwise defend the case brought against it pursuant to Fed. R. Civ. P. 55.  Default was entered against Defendant Every Dog on August 5, 2008.  *Entry of Default* [#22].  However, even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the

---

[1] The fact that judgment has entered against Defendant Fey does not preclude a default judgment against Defendant Every Dog.  Unless the contrary is shown, "'[w]here two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof ...'" *Anderson v. Barnes*, 671 P.2d 1327, 1328 (Colo. App. 1983)(quoting *Restatement (Second) of Contracts* § 289 (1979).  The promise creates a joint and several duty to perform the contract.  *Anderson*, 671 P.2d at 1328.

entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

## A. Jurisdiction

In determining whether entry of judgment is warranted, the court must first consider whether the Court has personal and subject matter jurisdiction in the case. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997)*; Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The subject matter jurisdiction in this case is based on diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of Nevada and Every Dog is a dissolved Colorado corporation that had its principal address in Colorado, and thus is a citizen of Colorado. *Complaint* [#1]*, ¶¶ 1-2; see* 28 U.S.C. § 1332(c)(1) (corporation is "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The amount in controversy exceeds $75,000. *Complaint* [#1], ¶ 4. The promissory note is in the amount of $100,000.00. The Court has subject matter jurisdiction in this matter.

As for personal jurisdiction, the Court must address the adequacy of service of process on the Defendant. *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2008 WL 5651458, at *2 (D. Colo. Aug. 5, 2008) (unpublished decision). A domestic corporation can be served properly by delivering a copy of the summons and complaint to "any agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Plaintiff delivered a copy of the summons and complaint to T. Michael Harrington,

3

Registered Agent for Every Dog, at 7979 East Tufts Avenue, Unit 700, Denver, Colorado

on June 20, 2008. *Motion* [#21], Ex. C.

Defendant Every Dog is a "dissolved corporation" under Colorado law.[2]  Every Dog

was dissolved at the time of execution of the promissory note. *Motion* [#21], ¶ 4. Dissolution

of a Colorado corporation does not "prevent commencement of a proceeding by or against

the corporation in its name." Colo. Rev. Stat. § 7-114-105(2)(e) (2008).   A dissolved

corporation can enter into contracts such as a promissory note. *Awanderlust Travel, Inc. v.

Kochevar*, 21 P.3d 876, 877-78 (Colo. App. 2001).   Since Defendant Every Dog is a

Colorado corporation and has been properly served, this Court has personal jurisdiction over

Every Dog.

## B. Default Judgment

Having found jurisdiction over this matter, the Court next determines whether Plaintiff

is entitled to relief.  Where the complaint states an adequate legal basis for relief against a

party in default, default judgment is appropriate.  *Greenwich Ins. Co.*, 2008 WL 793606, at

*2 (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)).  Upon

review of a motion for default judgment, and after default has entered, Plaintiff enjoys the

benefit of deferential pleading interpretation.  As such, the Court deems the well-pleaded

facts of the complaint as true.  *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-

01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (unpublished decision)

(citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323

(7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by Plaintiff in

---

[2] The Promissory Note provides that any questions of interpretation, construction and enforcement are governed by Colorado law.  *Complaint* [#1], Attachment.

affidavits and exhibits. *Deery Am. Corp.*, 2007 WL 437762, at *3.

Under Colorado law, a party asserting a breach of contract claim must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) failure to perform the contract by defendant; and (4) damages to the plaintiff. *Galvin v. McCarthy*, No. 07-00855-PAB-BNB, 2009 WL 890717, at *6 (D. Colo. Mar. 31, 2009)(unpublished decision); *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Considering the allegations of the complaint as true, Plaintiffs have alleged sufficient facts to establish a breach of contract. The complaint alleges that a contract existed between the parties. *Complaint* [#1] at ¶ 6. The parties executed a promissory note. *Id.* at ¶ 7. Defendant Every Dog has not made the required payments on the note. *Id.* at ¶ 14. Plaintiffs are entitled to damages in the amount of the principal due on the Note plus interest. *Id.* at ¶ 16.

In addition to finding that Plaintiff has a basis for relief, default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

Plaintiff seeks a judgment against Every Dog in the amount of $131, 646.70. The amount of the promissory note is $100,000. *Affidavit* [#27], Ex. A. Plaintiff has calculated interest in the amount of $29,196.70, based on eighteen percent interest, as provided in the Note, from the due date of the Note, September 1, 2006, to April 15, 2009. *Id.* ¶ 6. The Note also allows the payee to collect attorney's fees in connection with pursuing remedies in the event of default. *Id.,* Ex. A. Plaintiff incurred $2,450.00 in attorney's fees in pursuing default against Every Dog. *Id.* Plaintiff has provided the Court with sufficient proof of the damages

5

amount.

### III.  Conclusion

Based on the foregoing, I respectfully **RECOMMEND** that Plaintiff's **Motion to Enter Judgment Upon Default by the Clerk** [#23] be **GRANTED** and that judgment enter against Defendant Every Dog Has Its Day, Inc. in the amount of $131,646.70.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 29, 2009

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix